IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:17-CV-60-BO

| | |
|---|---|
| ROBERT CARROL CLAUSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| NANCY A. BERRYHILL, ) | |
| *Acting Commissioner of Social Security*, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on plaintiff's motion for judgment on the pleadings [DE 21] and defendant's motion to remand to the Commissioner for further proceedings [DE 24]. The motions have been fully briefed and are ripe for disposition. A hearing on this matter was held in Elizabeth City, North Carolina on January 23, 2019. For the reasons discussed below, plaintiff's motion [DE 21] is DENIED and defendant's motion [DE 22] is GRANTED. The matter is remanded for further proceedings.

BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying his claim for disability and supplemental security income (SSI) benefits pursuant to Title XVI of the Social Security Act. Plaintiff filed his application on February 20, 2014, alleging disability dating back to December 20, 2010. Plaintiff's application was denied both initially and upon reconsideration, and a hearing was held before an administrative law judge (ALJ) on April 3, 2017. The ALJ issued a decision in July 2017, finding that plaintiff was not disabled. In October 2013, the Appeals Council affirmed the ALJ's decision.

In December 2017, plaintiff filed the complaint at issue, seeking judicial review of the Commissioner's final decision under 42 U.S.C. §§ 405(g) and 1383(c)(3). [DE 5]. In July 2018, plaintiff moved for judgment on the pleadings. [DE 21]. Defendant moved to remand the case for further proceedings. [DE 24].

## DISCUSSION

Under the Social Security Act, 42 U.S.C. §§ 405(g) and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted). Courts should not make their own credibility determinations or substitute their own judgments for the judgments of the ALJs. *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). In making a

disability determination, the ALJ engages in a sequential five-step evaluation process. 20 C.F.R. § 404.1520; *see Johnson*, 434 F.3d at 653. At step one, if the claimant is currently engaged in substantial gainful activity, the claim is denied. At step two, the claim is denied if the claimant does not have a severe impairment or combination of impairments significantly limiting him or her from performing basic work activities. At step three, the claimant's impairment is compared to those in the Listing of Impairments (Listing). *See* 20 C.F.R. Part 404, Subpart P, App. 1. If the impairment is included in the Listing or is equivalent to a listed impairment, disability is conclusively presumed. If the claimant's impairment does not meet or equal a listed impairment, then the analysis proceeds to step four, where the claimant's residual functional capacity is assessed to determine whether plaintiff can perform his past work despite his impairments. If the claimant cannot perform past relevant work, the analysis moves on to step five: establishing whether the claimant, based on his age, work experience, and residual functional capacity can perform other substantial gainful work. The burden of proof is on the claimant for the first four steps of this inquiry, but shifts to the Commissioner at the fifth step. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process, then the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

Here, the parties argue that the ALJ erred in failing to adequately explain how she had considered a North Carolina Medicaid determination in reaching her conclusion that plaintiff's impairments did not equal Listing 1.02. An "ALJ must adequately explain his reasoning" for rejecting a Medicaid decision or a reviewing court "cannot engage in a meaningful review." *Woods*

3

*v. Berryhill*, 888 F.3d 686, 693 (4th Cir. 2018). The Court agrees that the ALJ's failure to explain her review of the Medicaid decision prevents a meaningful review at this stage of the proceedings.

Plaintiff asks the Court to reverse and direct an award of benefits rather than remand for further proceedings. When the record clearly establishes a plaintiff's entitlement to benefits, reversal for an award of benefits is appropriate. *Crider v. Harris*, 624 F.2d 15, 17 (4th Cir. 1980). Defendant argues, however, that the record contains evidentiary conflicts which demand further consideration and further proceedings are warranted in order to develop the record, reassess plaintiff's residual functional capacity, obtain supplemental vocational evidence, and otherwise make a determination as to plaintiff's disability claim. The Court finds that remanding for further proceedings is, therefore, the proper outcome.

In sum, in light of the ALJ's error in failing to adequately explain her consideration of a North Carolina Medicaid decision, the matter is remanded to the Commissioner for further administrative proceedings.

## CONCLUSION

Having conducted a full review of the record and decision in this matter, the Court concludes that remand under sentence four of 42 U.S.C. § 405(g) is appropriate. Accordingly, plaintiff's motion for judgment on the pleadings [DE 21] is DENIED and defendant's motion for remand [DE 24] is GRANTED. The matter is REMANDED to the Commissioner for further administrative proceedings.

SO ORDERED, this **31** day of January, 2019.

Terrence Boyle
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE